MFK
ORIG

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
J.N
JUL X 7 2008
7-7-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NORMA CRUZ-NUNEZ )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
v. )
KIMCO CORPORATION )
_____ )
_____ )
(Name of the defendant or defendants) )

CIVIL ACTION

08cv3841
JUDGE DER-YEGHIYAN
MAG. JUDGE KEYS

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is NORMA CRUZ-NUNEZ of the county of COOK in the state of ILLINOIS.

3. The defendant is KIMCO CORPORATION, whose street address is 7300 W. MONTROSE,
(city) NORRIDGE (county) COOK (state) IL (ZIP) 60706
(Defendant's telephone number) (708) - 583-9800

4. The plaintiff sought employment or was employed by the defendant at (street address)
7300 W. MONTROSE (city) NORRIDGE,
(county) COOK (state) IL (ZIP code) 60706

5. The plaintiff [check one box]

   (a) ☐ was denied employment by the defendant.
   
   (b) ☐ was hired and is still employed by the defendant.
   
   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) December, (day) 30, (year) 2004.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) June (day) 16 (year) 2005.

(ii) ☒ the Illinois Department of Human Rights, on or about (month) June (day) 16 (year) 2005.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ NO, but plaintiff will file a copy of the charge within 14 days.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

2. The plaintiff received a Final Agency Decision on (month)_____ (day)_____ (year)_____.

c. Attached is a copy of the

a. Complaint of Employment Discrimination,

☐ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

   (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

   (b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) __APRIL__ No earlier than APRIL 9/2008 (day) _____ (year) _____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

   (a) ☐ Age (Age Discrimination Employment Act).
   (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)
   (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
   (g) ☒ Sex (Title VII of the Civil Rights Act of 1964) __UNLAWFUL RETALIATION__

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

   (a) ☐ failed to hire the plaintiff.
   (b) ☒ terminated the plaintiff's employment.
   (c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): Refer to Attachment incorporated by reference as if specifically Recited herein

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Refer to Attachment incorporated by Reference as if specifically Recited herein

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES   ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☒ Direct the defendant to hire the plaintiff.

(b) ☒ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐   Direct the defendant to (specify): _____

_____

_____

_____

_____

_____

(g) ☒   If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒   Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

Nomie D Nims Cruz

(Plaintiff's name)

1100 E. Irving Park Rd Itasca IL 60143

(Plaintiff's street address)

_____

(City)_____ (State)_____ (ZIP)_____

(Plaintiff's telephone number) ▓▓▓▓▓▓▓▓  630 285 1037

Date: 7-7-08

I.

### A. ISSUE/BASIS

Complainant contends that Respondent subjected her to unequal terms and conditions of employment, unequal discipline, resulting in her termination on **December 30, 2004** because of her sex, female and in retaliation for her objection to same in violation of **Title VII, the Civil Rights Act of 1964, as amended.**

### B. PRIMA FACIE CASE

1. Complainant is sex female;

2. In November 2002 Complainant was subjected to several serial acts of sexual harassment and was threatened that should she complain she would be terminated;

3. In November 2002 Complainant contacted the Respondent's Human Resources Director and filed an internal complaint of sexual harassment;

4. Complainant filed a charge of Title VII discrimination against Respondent in 2003;

5. On **December 30, 2004** Respondent terminated Complainant's employment for alleged falsification of her citizenship/residency papers and for specifically refusing to sign employment documents in December 2004 which would have effectively made her appear to be a new employee without any seniority after she had worked for the company for many years previous;

6. Complainant contends that Respondent had a practice up to the time of her discharge of hiring and retaining workers whom Respondent had good reason to know were not legally eligible to work in this country and continuously did nothing to ascertain their correct legal residency status nor did it penalize said workers for such status, much less deny them their seniority:

   a. Worker Erica Lopez whose real name is Sylvia Torres was still at Respondent when Complainant was discharged even after she informed Respondent previously of her legal name and she was not denied any seniority after the disclosure of her real name and she had not previously filed any discrimination charges against Respondent;
   b. Workers: Maria Tenorio; Adriana Echeveria; Yolanda Martinez; Martina Flores; Juan Martinez, Pedro Salazar, Dolores Barrajas, Maria Lujan were all working at Respondent with false papers during the time frame of Complainant's discharge which was clearly known to Respondent and Respondent did not penalize said workers much less terminate their employment;
   c. Worker Pedro Salazar during the time of the events described in Complainant's Complaint worked in Respondent's Human Resources Department and observed Respondent's filing system where workers who were documented were placed in one section of the filing system and workers who were

undocumented were placed in another section of the filing system; workers who were undocumented routinely only provided only a social security card number (bogus) and a green card supposedly from INS (bogus); these workers could not provide a State of Illinois ID or State of Illinois Driver's License so all these employees were segregated out of the regular human resources filing system for documented employees and their files were flagged as such in addition to being segregated; these employees were undocumented, had never raised any objections to unlawful discrimination and were never penalized much less terminated at the time of Complainant's discharge; their personnel files were clearly flagged as undocumented; Respondent up until that point never made any undocumented employee start all over again with no seniority after disclosing his/her prior undocumented status to Respondent;

d. Worker Pedro Salazar specifically noticed that Complainant's personnel file was segregated from all the other files in the human resources filing system displaying Respondent's intent on singling her out for focus and different treatment since she was the only one (as far as she knows) to have filed unlawful discrimination charges against Respondent;

6. Complainant contends that Respondent terminated her employment because of her several previous charge filings against Respondent referring to sex, female discrimination/sexual harassment;

7. Complainant contends that Respondent terminated her employment on **December 30, 2004** because of her sex, female and in retaliation for objecting to unlawful sexual harassment in violation of **Title VII, the Civil Rights Act of 1964, as amended.**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mr. Rafael Molinary, Esq.<br>Law Office of Rafael Molinary<br>Attorneys at Law<br>3930 North Pine Grove Avenue, Suite 715<br>Chicago, IL 60613-5503 | From: | Equal Employment Opportunity Commission<br>Chicago District Office<br>500 West Madison Street<br>Suite 2800<br>Chicago, Illinois 60661-2511 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2005-02688 | Nola Smith, State & Local Coordinator | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe*
John P. Rowe, District Director

APR 08 2008

(Date Mailed) April 9/2008

Enclosure(s)

cc: **KIMCO CORPORATION**

OSM-0617.04

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [X] FEPA [X] ~~EEOC~~ | 2005CF3859 |

**Illinois Department of Human Rights** and ~~EEOC~~
*State or local Agency, if any*

NAME: Norma Alicia Cruz-Nunez
HOME TELEPHONE: (630) 285-1037
STREET ADDRESS: 1100 E Irving Park Rd   CITY, STATE AND ZIP CODE: Itasca IL 60143
DATE OF BIRTH: 12/20/69

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME

NAME: Kimco Corporation
NUMBER OF EMPLOYEES/MEMBERS: 15+
TELEPHONE: (708) 583-9800
STREET ADDRESS: 7300 W Montrose   CITY, STATE AND ZIP CODE: Norridge IL 60706   COUNTY: COOK

CAUSE OF DISCRIMINATION BASED ON:
[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER

DATE DISCRIMINATION TOOK PLACE
LATEST: 12/30/04
[ ] CONTINUING ACTION

THE PARTICULARS ARE:

Attached Narrative Incorporated By Reference

DEPT OF HUMAN RIGHTS SWITCHBOARD JUN 18 2005

[X] NO — I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury...

**OFFICIAL SEAL**
RACHEL R. GARAY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 08/21/2008

NOTARY — (when necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

SIGNATURE OF COMPLAINANT: Norma A. Cruz Nunez
DATE: 10/9/5

Subscribed and sworn to before me this 9 Day of June, 2005
Rachel R. Garay

I.

### A. ISSUE/BASIS

Complainant contends that Respondent subjected her to unequal terms and conditions of employment, unequal discipline, resulting in her termination on **December 30, 2004** because of her sex, female and in retaliation for her objection to same in violation of the Illinois Human Rights Act ;

### B. PRIMA FACIE CASE

1. Complainant is sex female;

2. In November 2002 Complainant was subjected to several serial acts of sexual harassment and was threatened that should she complain she would be terminated;

3. In November 2002 Complainant contacted the Respondent's Human Resources Director and filed an internal complaint of sexual harassment;

4. Complainant filed a charge of Title VII discrimination against Respondent in 2003;

5. On **December 30, 2004** Respondent **terminated** Complainant's employment for alleged falsification; Complainant **denies** that she committed falsification;

6. Complainant contends that Respondent terminated her employment because of her several previous charge filings against Respondent referring to sex, female discrimination/sexual harassment;

7. Complainant contends that Respondent terminated her employment on **December 30, 2004** because of her sex, female and in retaliation for objecting to unlawful sexual harassment in violation of the Illinois Human Rights Act.

[Note: Complainant understands that the Department can only investigate harms occurring no later than 180 days from the date of the filing of the charge; therefore it is understood and acknowledged that the Department will only investigate the **discharge count** detailed herein.]

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

**PRIVATE SUIT RIGHTS:**

This issuance of this Notice of Right to Sue ends EEOC's process with respect to your charge. You may file a lawsuit against the respondent named in your charge within 90 days from the date you receive this Notice. Therefore you should **keep a record of this date**. Once this 90-day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed **well in advance of the expiration of the 90-day period.**

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the state where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.

You may contact EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

A lawsuit against a **private** employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a **State agency or a political subdivision of the State** is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or, probably, the Equal Pay Act against a **State instrumentality** (an agency directly funded and controlled by the State) **can only be filed in a State court**.

A lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or the Equal Pay Act against a **political subdivision of the State**, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of U.S. District Courts, please see reverse side.

IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.

**ATTORNEY REPRESENTATION:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the court having jurisdiction in your case may, assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well before the end of the 90-day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within this 90-day period.

**DESTRUCTION OF FILE:**

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.