IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NORMA CRUZ-NUNEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 08 C 3841 |
| | ) |
| **KIMCO CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Kimco Corporation's ("Kimco") motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment.

## BACKGROUND

Plaintiff Norma Cruz-Nunez ("Cruz-Nunez") alleges that she was employed by Kimco and that in November 2002 she was subjected to sexual harassment in the workplace. She contends that someone at Kimco threatened that she would be terminated if she complained. Despite the alleged threat, Cruz-Nunez allegedly filed a complaint with the Kimco Human Resources Director. Cruz-Nunez contends that on December 30, 2004, Kimco discriminated against her because of her gender and

1

retaliated against her for complaining about the alleged sexual harassment by terminating her employment. Cruz-Nunez claims that the stated reason for her termination was that she refused to sign certain employment documents and that she falsified her citizenship/residency papers. Cruz-Nunez brought the instant action and includes in her *pro se* complaint a claim alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and a Title VII retaliation claim. Kimco moves for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P.

56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Kimco argues that the instant action is barred by the doctrine of res judicata since Cruz-Nunez filed a charge with the Illinois Department of Human Rights ("IDHR"), appealed the ruling against her, and the ruling was affirmed by an Illinois Appellate Court.

<u>I. IDHR Charge and Appeal</u>

Kimco contends that Cruz-Nunez has already obtained judicial review of the IDHR ruling in Illinois state court. We note that Cruz-Nunez has not filed a response to Kimco's statement of material facts. Therefore, pursuant to Local Rule 56.1, all facts in Kimco's statement of material facts are deemed to be undisputed. LR 56.1;

3

*Ammons v. Aramark v. Unif. Serv., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). Thus, the following facts are undisputed. On June 16, 2005, Cruz-Nunez filed a charge against Kimco with the IDHR addressing the allegations at issue in the instant action. (SF Par. 4). The IDHR recommended dismissal of the charge for lack of substantial evidence and Cruz-Nunez filed a request for review of the IDHR's findings. (SF Par. 6-7). IDHR's Chief Legal Counsel ("CLC") then vacated the dismissal and remanded the charge for further investigation. (SF Par. 8). Following the investigation, the charge was again dismissed by the IDHR for lack of substantial evidence. (SF Par. 9). Cruz-Nunez filed a second request for review and the CLC sustained the dismissal of the charge. (SF Par. 10-11). Cruz-Nunez then appealed the CLC's ruling to the Illinois Appellate Court ("State Court Appeal"). (SF Par. 12). The Illinois Appellate Court then ruled in favor of Kimco. (SF Par. 14). Subsequently, on July 7, 2008, Cruz-Nunez brought the instant action in federal court.

II. Res Judicata

Kimco argues that the instant action is barred under the doctrine of res judicata since Cruz-Nunez has obtained judicial review of the IDHR's decision in Illinois state court. Judgments entered in state court "proceedings to review a state administrative agency" are entitled to "full faith and credit" and subsequent actions relating to matters that were the subject of such judgments are barred by the doctrine of res judicata. *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 634 (7th Cir.

4

2004)(citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481 (1986)). However, a federal court can find that a state court judgment does not bar an action relating to the same matters "if the state-court proceedings denied the parties a full and fair opportunity to litigate by falling below the minimum requirements of due process." *Id.* The res judicata review in federal court should be based upon the applicable state law. *Id.* (stating that "[a] judgment of a state court sitting in an administrative review capacity will have preclusive effect on claims and issues brought in subsequent lawsuits according to the law of the state where the judgment was rendered").

    A. Res Judicata Elements

Kimco argues that the elements for res judicata are met in this case. Under Illinois law, the doctrine of res judicata bars an action if there is a showing by the defendant that: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998). In the instant action, there is an identity of the parties. The parties in the IDHR proceedings were the same. Cruz-Nunez was a petitioner in the IDHR proceedings and Kimco was a respondent. The cause of action is the same as well. The instant action, is based upon the same alleged gender discrimination and retaliation that was the basis for the IDHR charge. (SF Par. 4).

Cruz-Nunez argues, however, that there was no final judgment on the merits in

5

the Illinois state courts. She contends that the IDHR's findings are not adjudicatory in nature and the subsequent review of the IDHR's rulings was not a de novo review. Cruz-Nunez thus argues that the Illinois Appellate Court's ruling in favor of Kimco should not be deemed a final judgment on the merits. Under Illinois law, there is a final judgment if there is "a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Flores v. Dugan*, 435 N.E.2d 480, 482 (Ill. 1982). Cruz-Nunez has not pointed to any portion of the opinion of the Illinois Appellate Court indicating that the ruling was not a final ruling on the merits. In the State Court Appeal, the parties filed briefs and were given an opportunity to argue the merits of their positions. (SF Par. 13). According to Kimco, which Cruz-Nunez has not disputed, the Illinois Appellate Court addressed the merits of Cruz-Nunez's claims, noting, for example, that "while petitioner established a *prima facie* case of discrimination on the basis of gender and unlawful retaliation, she failed to establish by a preponderance of the evidence that the respondent's articulated reason for the termination was not its true reason, but was instead a pretext for unlawful discrimination." (SF Par. 14). Also, according to Kimco, which Cruz-Nunez has not disputed, the Illinois Appellate Court also noted certain "uncontested facts" that warranted a finding in favor of Kimco. (SF Par. 14). The mere fact that the Illinois Appellate Court's review was not a de novo review does not mean that its determination was not a final determination on the merits. The Illinois Appellate Court conclusively found in favor of Kimco. (SF Par. 14).

6

Cruz-Nunez also argues that to bar the instant action, would be contrary to the intent of the Illinois Legislature to provide her with an opportunity to bring an action after the denial of her request by the IDHR. However, as Kimco correctly points out, if Cruz-Nunez wanted to have her claims heard in federal court, she could have chosen to file her action in federal court after the denial by the IDHR and after receiving a right to sue letter. Instead, she chose not to wait for a right to sue letter and sought a review before the Illinois Appellate Court. Cruz-Nunez is not entitled to a second bite at the apple in this dispute and the Illinois Appellate Court's ruling is entitled to full faith and credit. 28 U.S.C. § 1738; *Kremer*, 456 U.S. at 480-82. Therefore, we conclude that the Illinois Appellate Court's ruling was a final judgment on the merits and that the elements for the doctrine of res judicata are met in this case. *See Cazares v. Chicago Magnesium Casting Company, Inc.*, 2005 WL 2420359, at *3 (N.D. Ill. 2005)(concluding that Illinois Appellate Court's review of IDHR decisions was a final judgment on the merits); *Donato v. Brach & Brock Confections, Inc.*, 2002 WL 1364082, at *2 (N.D. Ill. 2002)(same).

B. Due Process Requirements and Injunction

Kimco argues that the Illinois state court proceedings meet "the minimum requirements of due process." *Garcia*, 360 F.3d at 634. The Seventh Circuit has held that the IDHR's procedures for administratively investigating complaints comported with the due process requirements. *Luckett v. Jett*, 966 F.2d 209, 215 (7th Cir. 1992). Cruz-Nunez has not shown that the administrative review and appeal

7

process in the Illinois Appellate Court did not comport with her due process rights. Cruz-Nunez is only entitled under the Due Process Clause to certain minimal protections. *Brown v. Retirement Committee of Briggs & Stratton Retirement Plan*, 797 F.2d 521, 527 (7th Cir. 1986)(stating that the Due Process Clause only requires that an individual have an opportunity "to be heard at a meaningful time and in a meaningful manner"). Cruz-Nunez was afforded a full and fair opportunity to present her case in Illinois state courts and the judicial review in the Illinois Appellate Court satisfied the minimal due process requirements.

Cruz-Nunez also makes a conclusory reference to an injunction entered in *Cooper v. Salazar*, 98 C 2930, which Cruz-Nunez contends enjoined the IDHR from relying on credibility determinations without affording the rights of confrontation and cross-examination. (Ans. Mem. 5). However, even when considering the injunction, Cruz-Nunez has not shown that the injunction would alter the result in the instant action. The Illinois Appellate Court in fact specifically referred to certain "undisputed facts," rather than making credibility determinations. (SF Par. 14). Therefore, based on the above, we grant Kimco's motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, we grant Kimco's motion for summary judgment.

```
                              _____
                              Samuel Der-Yeghiayan
                              United States District Court Judge
```

Dated: December 5, 2008